**JUDGE BERMAN**

14 CV 7482

Berman, R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
                              Plaintiff, :

-against- :

DIMITRY BRAVERMAN, :

                              Defendant, :

-and- :

VITALY PUPYNIN, :

                         Relief Defendant. :
-----------------------------------------------------------------x

**MEMO ENDORSED**

14 Civ. 7482 (RMB)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/14

### [PROPOSED] ORDER TO SHOW CAUSE AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application (the "Application") of Plaintiff Securities and Exchange Commission (the "Commission") for an order:

(1)     Directing Defendant Braverman ("Braverman") and Relief Defendant Pupynin ("Pupynin") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)     Freezing Braverman's assets;

    (b)     Freezing Pupynin's assets up to the amount of the potential ill-gotten gains that Pupynin received;

    (c)     Ordering Braverman to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which Braverman exercises control or signatory authority;

      (d)    Ordering Pupynin to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which Pupynin exercises control or signatory authority, up to the amount of the potential ill-gotten gains he received; and

      (e)    Prohibiting Braverman and Pupynin from destroying, altering, or concealing documents in their possession, custody or control, including documents concerning the allegations in the Complaint or the assets, finances, or business operations of Braverman and/or Pupynin;

(2)    Pending adjudication of the relief described in paragraph (1) above, an order:

      (a)    Temporarily freezing Braverman's assets;

      (b)    Temporarily freezing Pupynin's assets up to the amount of the potential ill-gotten gains that Pupynin received;

      (c)    Temporarily ordering Braverman to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which Braverman exercises control or signatory authority;

      (d)    Temporarily ordering Pupynin to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which Pupynin exercises control or signatory authority, up to the amount of the potential ill-gotten gains he received; and

      (e)    Temporarily prohibiting Braverman and Pupynin from destroying, altering, or concealing documents in their possession, custody or control, including

documents concerning the allegations in the Complaint or the assets, finances, or business operations of Braverman and/or Pupynin.

The Court has considered: (1) the Commission's Complaint; (2) the Local Rule 6.1 Declaration of Charu A. Chandrasekhar in Support of Plaintiff's Emergency Application for an Asset Freeze and Other Relief; (3) the Declaration of Jordan Baker and the exhibits thereto; and (4) Plaintiff Securities and Exchange Commission's Memorandum of Law in Support of Its Emergency Application for an Asset Freeze and Other Relief.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 21(d) of the Exchange Act and Federal Rule of Civil Procedure 65(b), has been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that Defendant Braverman has violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 14e-3 thereunder by tipping and trading on material, nonpublic information, as alleged in the Complaint, and it appears likely that the Commission will prevail on the merits of its claims under these provisions.

2.      It appears from the evidence presented that Braverman has received more than $300,000 in proceeds from his unlawful insider trading and that at least some of these funds are in accounts still controlled by Braverman.

3.      It appears from the evidence presented that Pupynin received and currently holds proceeds of the unlawful trades that Braverman executed using a brokerage account in Pupynin's name (the "Pupynin Account") and that Braverman transferred some of the proceeds of the illegal trades from the Pupynin Account to bank accounts associated with Pupynin, a foreign citizen and resident. It appears likely that the Commission will prevail on the merits of its claim that Pupynin has been unjustly enriched because he has no legitimate claim to these ill-gotten gains and obtained

the funds under circumstances in which it is not just, equitable, or conscionable for him to retain the funds.

4. It appears that Braverman has already transferred over $26,000 of his insider trading proceeds to a Latvian bank account.

5. It appears that an order freezing Braverman's and Pupynin's assets, as specified herein, is necessary to preserve the *status quo* and to protect the Commission's ability to collect on any final judgment of this Court ordering Braverman and Pupynin to disgorge ill-gotten gains, with prejudgment interest, and ordering Braverman to pay a civil penalty.

6. It appears that an order requiring Braverman to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in Braverman's name, or for his benefit or under his direct or indirect control or over which Braverman exercises control or signatory authority, is necessary to preserve the *status quo* and to protect the Commission's ability to collect on any final judgment of this Court ordering Braverman to disgorge illegal profits, with prejudgment interest, and to pay a civil penalty.

7. It appears that an order requiring Pupynin to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in his name, or for his benefit or under his direct or indirect control or over which Pupynin exercises control or signatory authority, up to the amount of the potential ill-gotten gains he received, is necessary to preserve the *status quo* and to protect the Commission's ability to collect on any final judgment of this Court ordering Pupynin to disgorge illegal profits, with prejudgment interest.

8. It appears that an order prohibiting Braverman and Pupynin from destroying, altering, or concealing records of any kind — including documents concerning the allegations in the Complaint or the assets, finances, or business operations of Braverman and/or Pupynin — is

4

necessary to ensure compliance with the asset freeze imposed on Braverman and Pupynin and to protect the integrity of this litigation.

9. Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is therefore appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

10. This Court has jurisdiction over the subject matter of this action and over Braverman and Pupynin, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that Braverman and Pupynin show cause, if there be any, to this Court at **3:00 P**.m. on the **30th** day of **September**, 2014, in Room **17B** of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure directing that, pending a final disposition of this action, Defendant Braverman and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section IX of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever

5

located) of, held by, or under the control of Braverman, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Braverman to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Braverman's name, held by Braverman, or under Braverman's control, including but not limited to the accounts listed on Schedule A.

## II.

**IT IS FURTHER ORDERED** that Relief Defendant Pupynin show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Pupynin and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section IX of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Pupynin, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Pupynin to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties,

including without limitation all assets, funds, or other properties held in Pupynin's name, held by Pupynin, or under Pupynin's control, including but not limited to the accounts listed on Schedule B.

### III.

**IT IS FURTHER ORDERED** that Braverman and Pupynin show cause at that time why this Court should not also enter an Order that directs that (a) Braverman and Pupynin shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court, by transferring all such funds and assets to the registry of this Court; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Braverman, such assets shall become subject to the restrictions described in paragraph I, above; (c) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Pupynin, such assets shall become subject to the restrictions described in paragraph II, above; and (d) with respect to any other asset owned and/or controlled by Braverman and/or Pupynin that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant or Relief Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

### IV.

**IT IS FURTHER ORDERED** that Defendant Braverman and Relief Defendant Pupynin show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at the direction of or on behalf of either or both of them, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Braverman or Pupynin, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that

concern the allegations in the Complaint or Braverman's or Pupynin's assets, finances, or business operations.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Braverman and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section IX of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Braverman, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Braverman to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Braverman's name, held by Braverman, or under Braverman's control, including but not limited to the accounts listed on Schedule A.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Relief Defendant Pupynin and each of his financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section IX of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Pupynin, whether held in his name or for his direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Pupynin to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Pupynin's name, held by Pupynin, or under Pupynin's control, including but not limited to the accounts listed on Schedule B.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, (a) Braverman and Pupynin shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court, by transferring all such funds and assets

9

to the registry of this Court; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Braverman, such assets shall become subject to the restrictions described in paragraph V, above; (c) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Pupynin, such assets shall become subject to the restrictions described in paragraph VI, above; and (d) with respect to any other asset owned and/or controlled by Braverman and/or Pupynin that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant or Relief Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Braverman and Pupynin are enjoined and restrained, and any person or entity acting at the direction of or on behalf of either or both of them is enjoined and restrained, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Braverman or Pupynin, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Braverman's or Pupynin's assets, finances, or business operations.

## IX.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon Braverman (or his attorney who agrees to accept service on his behalf) and Pupynin (or his attorney who agrees to accept service on his behalf) on or before __4:00 P.M.__, __Sept 18__, 2014, by personal delivery, facsimile, email, overnight courier, _showing proof of service_ international express mail, or first-class mail, and upon any bank, saving and loan institution, credit

*RMB*

10

union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order. For purposes of notice of anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or electronic mail.

## X.

**IT IS FURTHER ORDERED** that Defendant Braverman and Relief Defendant Pupynin shall deliver any opposing papers in response to the Order to Show Cause no later than **Sept. 24**, 2014, at **4:00** p.m. Service shall be made by that date and time by emailing the papers to chandrasekharc@sec.gov and receiving a reply email confirming receipt or by sending the papers by overnight courier service to the New York Regional Office of the Commission at Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Charu A. Chandrasekhar, or such other place as counsel for the Commission may direct in writing. The Commission shall have until **September 25**, 2014, at **noon** p.m., to serve, by the most expeditious means available, any reply papers upon Defendant Braverman and Relief Defendant Pupynin or their counsel, if counsel shall have made an appearance in this action.

11

## XI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant Braverman, Relief Defendant Pupynin, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

RMB
_____
UNITED STATES DISTRICT JUDGE

Issued at: 1:35 P.m.
Sept. 16, 2014
New York, New York

*Parties to work in good faith to resolve all issues prior to the hearing.* RMB

## Schedule A

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|
| Charles Schwab & Co., Inc. | ****5291 |
| Charles Schwab & Co., Inc. | ****4438 |
| Charles Schwab & Co., Inc. | ****5970 |
| Interactive Brokers LLC | ****9428 |
| Bank of America Corporation | ******3310 |

## Schedule B

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|
| Bank of America Corporation | ********3517 |
| Bank of America Corporation | ********3978 |
| Interactive Brokers LLC | ****9428 |