UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

DIMITRY BRAVERMAN,

    Defendant,

-and-

VITALY PUPYNIN,

    Relief Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/15
```

14-CV-7482 (RMB)

## ORDER RELATED TO RELIEF DEFENDANT AND BENEFICIAL OWNER VITALY PUPYNIN

**WHEREAS** in the Complaint filed on September 16, 2014 (Docket No. 1), Plaintiff Securities and Exchange Commission (the "Commission") named Dimitry Braverman (a/k/a "Dmitry Braverman") ("Braverman") as a defendant and Vitaly Pupynin ("Pupynin") as a relief defendant;

**WHEREAS** on or about September 4, 2012, Braverman directly or indirectly opened a brokerage account at Interactive Brokers LLC ("Interactive Brokers") in Pupynin's name ("Pupynin Account");

**WHEREAS** the Pupynin Account executed trades in the securities of YM Biosciences Inc. ("YM Biosciences"); Astex Pharmaceuticals, Inc. ("Astex"); Dealertrack Technologies, Inc. ("Dealertrack"); and Xyratex Ltd. ("Xyratex"), generating $281,481.43 in profits from these trades;

**WHEREAS** the Commission in its Complaint attributed these trades in the Pupynin Account to Braverman, and alleged that Braverman executed these trades on the basis of material, nonpublic information;

**WHEREAS** the Pupynin Account transferred profits from certain of these trades to a Bank of America, N.A. ("Bank of America") account (account number \*\*\*\*\*\*\*\*3517) held in Pupynin's name ("Pupynin BOA Account");

**WHEREAS** on or about January 29, 2014, Braverman directly or indirectly opened and funded a brokerage account at optionsXpress, Inc. ("optionsXpress") in Pupynin's name ("Pupynin optionsXpress Account");

**WHEREAS** on September 16, 2014, Plaintiff obtained an asset freeze pursuant to Parts V and VI of the Court's Order to Show Cause and Order Freezing Assets and Granting Other Relief (Docket No. 3) ("September 2014 Order");

**WHEREAS** the September 2014 Order applied to the Pupynin Account, the Pupynin BOA Account and the Pupynin optionsXpress Account;

**WHEREAS** on September 25, 2014, upon stipulation and agreement by counsel for the Commission and counsel for Braverman, the court ordered an adjournment of the hearing in connection with the September 2014 Order and ordered that the September 2014 Order would remain in effect pending a hearing and determination of the Commission's application for emergency relief;[1]

**WHEREAS** on April 29, 2015, upon stipulation and agreement by counsel for the

---

1. On October 14, 2014, October 23, 2014, November 21, 2014, and January 30, 2015 the Court entered subsequent orders adjourning the hearing date and ordering that the September 2014 Order would remain in effect pending a hearing and determination of the Commission's application for emergency relief.

2

Commission and counsel for Braverman and Pupynin, the court ordered an adjournment of the hearing in connection with the September 2014 Order and ordered that the September 2014 Order would remain in effect pending a hearing and determination of the Commission's application for emergency relief;

**WHEREAS** Braverman has consented to the entry of a Final Judgment that in relevant part adjudges him liable for disgorgement plus prejudgment interest in the amount of $315,994.74, which includes disgorgement in $281,481.43 in profits resulting from the Pupynin Account's trades in the securities of YM Biosciences; Astex; Dealertrack; and Xyratex;

**WHEREAS** Pupynin has agreed to relinquish all of his legal and equitable right, title and interest in and to the Pupynin Account, and to consent to Interactive Brokers LLC's paying such amounts to the Commission in partial satisfaction of the Final Judgment as to Braverman;

**WHEREAS** Pupynin has agreed to relinquish all of his legal and equitable right, title and interest in and to the Pupynin BOA Account, and to consent to Bank of America's paying such amounts to the Commission in partial satisfaction of the Final Judgment as to Braverman;

**WHEREAS** Pupynin has agreed to relinquish all of his legal and equitable right, title and interest in and to the Pupynin optionsXpress Account, and to consent to optionsXpress's paying such amounts to the Commission in partial satisfaction of the Final Judgment as to Braverman;

**WHEREAS** the Court has reviewed a Stipulation between the Commission and Pupynin relating to the foregoing,

### NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Upon the Court's entry of the Final Judgment as to Braverman, Pupynin will relinquish all legal and equitable right, title and interest in the Pupynin Account and consent to Interactive Brokers's paying such amounts to the Commission in partial satisfaction of the Final

Judgment as to Braverman.

2. Upon the Court's entry of the Final Judgment as to Braverman, Pupynin will relinquish all legal and equitable right, title and interest in the Pupynin BOA Account and consent to Bank of America's paying such amounts to the Commission in partial satisfaction of the Final Judgment as to Braverman.

3. Upon the Court's entry of the Final Judgment as to Braverman, Pupynin will relinquish all legal and equitable right, title and interest in the Pupynin optionsXpress Account, and consent to optionsXpress's paying such amounts to the Commission in partial satisfaction of the Final Judgment as to Braverman.

4. Following the Court's entry of Final Judgment as to Braverman, Interactive Brokers is hereby authorized and directed to liquidate (within fourteen (14) days of the entry of the Final Judgment as to Braverman) the Pupynin Account and to pay the entire proceeds of the Pupynin Account to the Commission. Interactive Brokers may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dimitry Braverman's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Interactive Brokers shall simultaneously transmit photocopies of evidence of payment (including the value of the liquidated proceeds) and case identifying information to the Commission's counsel in this action by electronic mail to

chandrasekharc@sec.gov and/or by overnight mail delivery service to:

>Charu A. Chandrasekhar
>Senior Counsel, Division of Enforcement
>U.S. Securities and Exchange Commission
>Brookfield Place
>200 Vesey Street, Suite 400
>New York, NY 10281.

5. Following the Court's entry of Final Judgment as to Braverman, Bank of America is hereby authorized and directed to liquidate (within fourteen (14) days of the entry of the Final Judgment as to Braverman) the Pupynin Account and to pay the entire proceeds of the Pupynin BOA Account to the Commission. Bank of America may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dimitry Braverman's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Bank of America shall simultaneously transmit photocopies of evidence of payment (including the value of the liquidated proceeds) and case identifying information to the Commission's counsel in this action by electronic mail to chandrasekharc@sec.gov and/or by overnight mail delivery service to:

>Charu A. Chandrasekhar
>Senior Counsel, Division of Enforcement
>U.S. Securities and Exchange Commission
>Brookfield Place
>200 Vesey Street, Suite 400
>New York, NY 10281.

6. Following the Court's entry of Final Judgment as to Braverman, optionsXpress is hereby authorized and directed to liquidate (within fourteen (14) days of the entry of the Final Judgment as to Braverman) the Pupynin optionsXpress Account and to pay the entire proceeds of the Pupynin optionsXpress Account to the Commission. optionsXpress may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dimitry Braverman's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. optionsXpress shall simultaneously transmit photocopies of evidence of payment (including the value of the liquidated proceeds) and case identifying information to the Commission's counsel in this action by electronic mail to chandrasekharc@sec.gov and/or by overnight mail delivery service to:

> Charu A. Chandrasekhar
> Senior Counsel, Division of Enforcement
> U.S. Securities and Exchange Commission
> Brookfield Place
> 200 Vesey Street, Suite 400
> New York, NY 10281.

7. Upon Interactive Brokers's payment of the entire proceeds of the Pupynin Account to the Commission, all asset freeze, document preservation and any other obligations imposed upon the Pupynin Account by the Court's orders of September 16, 2014, September 25, 2014, October 14, 2014, October 23, 2014, November 21, 2014, January 30, 2015, and April 29, 2015 shall terminate immediately, without further order of the Court.

8. Upon Bank of America's payment of the entire proceeds of the Pupynin BOA Account to the Commission, all asset freeze, document preservation and any other obligations imposed upon the Pupynin BOA Account by the Court's orders of September 16, 2014, September 25, 2014, October 14, 2014, October 23, 2014, November 21, 2014, January 30, 2015, and April 29, 2015 shall terminate immediately, without further order of the Court.

9. Upon optionsXpress's payment of the entire proceeds of the Pupynin optionsXpress Account to the Commission, all asset freeze, document preservation and any other obligations imposed upon the Pupynin optionsXpress Account by the Court's orders of September 16, 2014, September 25, 2014, October 14, 2014, October 23, 2014, November 21, 2014, January 30, 2015, and April 29, 2015 shall terminate immediately, without further order of the Court.

Dated: 6/15/15

SO ORDERED:

*RMB*

HON. RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE